UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ANDRE LAMAR REVIS,<br><br>        Petitioner,<br><br>    v.<br><br>STU SHERMAN, Warden,<br><br>        Respondent. | No. CV 16-6215-PSG (PLA)<br><br>**ORDER TO SHOW CAUSE RE: DISMISSAL OF HABEAS PETITION AS SUCCESSIVE AND/OR AS BARRED BY THE STATUTE OF LIMITATIONS** |

Andrew Lamar Revis ("petitioner") initiated this action on August 18, 2016, by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition" or "Pet."). The Petition challenges his September 7, 2005, conviction in the Los Angeles County Superior Court, case number YA06024401, for second degree robbery and assault with a deadly weapon. (Pet. at 2).

The Court observes that on May 13, 2014, petitioner filed an earlier federal habeas petition in case number CV 14-3665-PSG (RNB) ("CV 14-3665" or the "2014 Petition") also challenging his 2005 conviction in case number YA06024401. The 2014 Petition was dismissed with prejudice as time barred pursuant to the Judgment entered on July 18, 2014 (Case No. CV 14-3665, Dkt. Nos. 7, 9, 10). Petitioner's request for a certificate of appealability was denied on that same date by the District Judge. (Case No. CV 14-3665, Dkt. No. 11). His request for a certificate of

Case 2:16-cv-06215-PSG-PLA   Document 7   Filed 08/25/16   Page 2 of 4   Page ID #:215

appealability was denied by the Ninth Circuit on November 20, 2014. (Case No. CV 14-3665, Dkt. No. 16).[1]

**A.  SECOND OR SUCCESSIVE PETITIONS**

A federal habeas petition is successive if it raises claims that were or could have been adjudicated on the merits in a previous petition. Cooper v. Calderon, 274 F.3d 1270, 1273 (9th Cir. 2001) (per curiam). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that a claim presented in a second or successive federal habeas petition that was not presented in a prior petition shall be dismissed unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A), (B).

Furthermore, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

Petitioner's 2014 Petition raised the following grounds for relief: (1) the trial court improperly imposed a high term sentence; (2) petitioner was denied the effective assistance of counsel during sentencing; and (3) a request for a recall of the sentence. (CV 14-3665, Pet. at 5). As mentioned above, that action was dismissed with prejudice as time barred. See McNabb v. Yates, 576 F.3d 1028, 1030 (9th Cir. 2009) (dismissal for failure to comply with statute of limitations is a dismissal on the merits that renders subsequent petitions successive). In the instant Petition, petitioner again

---

[1]  Petitioner also filed a federal habeas petition in 2008 in Case No. CV 08-827-PSG (RNB) that was dismissed without prejudice for failure to exhaust state remedies. (CV 08-827-PSG (RNB), Dkt. Nos. 4-6).

alleges that the trial court improperly imposed a high term sentence and that he was denied the effective assistance of counsel during sentencing. (Pet. at 3, 4). However, even if petitioner were seeking to present *new* claims in the instant Petition -- which he is not -- he nevertheless is required to seek authorization from the Ninth Circuit before filing a successive petition. 28 U.S.C. § 2244(b)(3)(A). There is no indication that petitioner has obtained such permission from the Ninth Circuit. See Burton v. Stewart, 549 U.S. 147, 153, 127 S.Ct. 793, 166 L.Ed.2d 628 (2007) (AEDPA requires petitioner to receive authorization from the Court of Appeals before filing a second habeas petition). It therefore appears that the Court is without jurisdiction to entertain the current Petition under 28 U.S.C. § 2244(b). See id.; Cooper, 274 F.3d at 1274 ("'When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application.'").

Accordingly, it appears that dismissal of the Petition as successive is appropriate.

**B.    STATUTE OF LIMITATIONS**

The instant Petition is subject to the AEDPA's one-year statute of limitations period, as set forth under 28 U.S.C. § 2244(d). See Calderon v. U. S. Dist. Court (Beeler), 128 F.3d 1283, 1286 (9th Cir. 1997).[2] In most cases, the limitation period begins to run from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

As explained in the Report and Recommendation issued with respect to petitioner's 2014 Petition, the statute of limitations ran from May 9, 2007, to May 8, 2008. (CV 16-3665, Dkt. No. 7 at 4-9). Petitioner filed the instant Petition on August 18, 2016 -- over eight years after the limitations deadline. Given that the 2014 Petition was dismissed as untimely, it appears that the instant Petition would be barred by the statute of limitations as well.

---

    [2] Beeler was overruled on other grounds in Calderon v. U. S. Dist. Court (Kelly), 163 F.3d 530, 540 (9th Cir. 1998) (en banc).

**C.  CONCLUSION**

Based on the foregoing, petitioner is **ordered to show cause** (1) why the instant Petition should not be dismissed as successive; and (2) why the instant Petition should not be dismissed as time barred.

Specifically, **no later than September 23, 2016,** petitioner must submit to the Court the following: (1) documentation showing that, pursuant to 28 U.S.C. § 2244(b)(3)(A), he properly filed a motion in the Ninth Circuit for an order authorizing the district court to consider a successive petition, and that the Ninth Circuit issued such an order; and (2) a response making clear his arguments, if any, as to why the Petition should not be dismissed as time barred.  All facts relied upon by petitioner must be proved by testimony contained in a declaration signed under penalty of perjury pursuant to 28 U.S.C. § 1746, or in properly authenticated documents.

**Failure to respond by September 23, 2016, will result in the instant Petition being summarily dismissed as successive and/or as barred by the statute of limitations**.[3]

DATED:  August 25, 2016

PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE

---

[3]  In the event that petitioner has not complied with 28 U.S.C. § 2244(b)(3)(A), he is advised that if he wishes to make a successive habeas application, he must file a "Motion for Order Authorizing District Court to Consider Second or Successive Petition Pursuant to 28 U.S.C. § 2244(b)(3)(A)" **directly with the Ninth Circuit**.  Until the Ninth Circuit issues such an order, any direct or implied request for a second or successive petition for writ of habeas corpus is barred by § 2244(b) and must be dismissed **without prejudice** to petitioner's right to seek authorization from the Ninth Circuit to file the petition.